UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GLADSTONE TAYLOR, individually and on :
behalf of all others similarly situated, :
                      Plaintiff, :
v. :
 :
MICROGENICS CORPORATION, THERMO :
FISHER SCIENTIFIC, CORRECTION :
OFFICER BERRY, CORRECTION OFFICER :    **ORDER**
BRANDON, CORRECTION OFFICER S, :
D.A. GLOVER, CORRECTION OFFICER :    21 CV 6452 (VB)
HERNANDEZ, CORRECTION OFFICER :
HILTON, CORRECTION OFFICER ICARRI, :
MULLIGAN, CORRECTION OFFICER :
RUBIO, CORRECTION OFFICER WU, :
CORRECTION OFFICERS DOE 1-10, :
                      Defendants. :
--------------------------------------------------------------x



    On October 14, 2021, defendant Microgenics Corporation ("Microgenics") moved to dismiss the complaint. (Doc. #15). That same day, defendant Thermo Fisher Scientific filed a notice of joinder in Microgenics' motion to dismiss. (Doc. #18). On October 18, 2021, the Court stayed plaintiff's time to oppose the pending motions sine die. (Doc. #22).

    On December 20, 2021, defendants Rubio, Iccari, Mulligan, Glover, Hilton, and Wu moved to dismiss the complaint. (Doc. #27).

    As of December 22, 2021, however, the docket indicated neither that defendants Correction Officers Berry, Brandon, S, and Hernandez had been served, nor that they had appeared in this case. Accordingly, the Court ordered, pursuant to Fed. R. Civ. P. 4(m), this action would be dismissed without prejudice against defendants Corrections Officers Berry, Brandon, S, and Hernandez unless, on or before December 29, 2021, plaintiff either: (i) filed to the ECF docket proof of service, indicating defendants were served on or before October 27, 2021; or (ii) showed good cause in writing for his failure to comply with Fed. R. Civ. P. 4(m). The Court continued the stay on plaintiff's time to oppose the pending motions. (Doc. #29).

    Good cause having been shown (Docs. ##30, 31), the Court extends to **February 28, 2022**, plaintiff's time to serve the summons and complaint on Officers Berry, Brandon, S, and Hernandez.[1] If, by February 28, 2022, plaintiff fails to serve Officers Berry, Brandon, S, and Hernandez and file proof of service on the ECF docket of the same, or seek an extension of time to do so, the Court **will** dismiss this case against these four defendants.

---

[1]    Although plaintiff seeks additional time to serve Rubio, the New York Attorney General's Office has appeared on Rubio's behalf, and Rubio has moved to dismiss the complaint. (Doc. #27). Thus, the Court DENIES AS MOOT plaintiff's request for an extension of time to serve Rubio.

Separately, the stay on plaintiff's time to respond to the pending motions to dismiss is **lifted**. It is hereby ORDERED that, by no later than **January 10, 2022**, plaintiff must notify the Court by letter whether plaintiff (i) intends to file an amended complaint in response to the motions to dismiss, or (ii) will rely on the complaint that is the subject of the motions to dismiss.

If plaintiff elects not to file an amended complaint, the motion will proceed in the regular course, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); accord F5 Capital v. Pappas, 856 F.3d 61, 89–90 (2d Cir. 2017). The time to file opposing and reply papers shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules, unless otherwise ordered by the Court.

If plaintiff elects to file an amended complaint, plaintiff must file the amended complaint by no later than 14 days after notifying the Court of plaintiff's intent to do so. Within 21 days of such amendment, defendant may either: (i) file an answer to the amended complaint; or (ii) file a motion to dismiss the amended complaint; or (iii) notify the Court by letter that defendant is relying on the initially filed motion to dismiss.

Dated: January 3, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge